IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| ROBIN L. ECKROATE | § | |
| v. | § | CIVIL ACTION NO. 6:11-CV-27 |
| COMMISSIONER, SOCIAL SECURITY ADMINISTRATION | § | |

ORDER OF DISMISSAL

    The Report and Recommendation of the Magistrate Judge, which contains her findings, conclusions, and recommendation for the disposition of this action, has been presented for consideration. The Report and Recommendation recommends that the decision of the Commissioner be affirmed and the complaint be dismissed. Plaintiff has filed written objections.

    Having made a *de novo* review of the objections filed by Plaintiff, the Court finds that the findings, conclusions and recommendation of the Magistrate Judge are correct. Plaintiff contends that the Administrative Law Judge's ("ALJ") reliance on, for example, doing laundry and housework as part of daily activities is inappropriate in determining her residual functional capacity ("RFC"). However, the ALJ did not rely exclusively on these factors or even on just Plaintiff's activities of daily living. Instead, he balanced those factors along with the medical evaluation of her depression and anxiety, which he also evaluated consistent with the "paragraph B" criteria of Listings 12.04 and 12.06. *See* Transcript ("Tr.") at 17-18, 22. "While exclusive reliance on daily activities or a decision to forego a particular medication might concern us, we find no error in the consideration of these factors in conjunction with the medical reports." *See Griego v. Sullivan*, 940 F.2d 942, 945 (5th Cir. 1991) (per curiam). Plaintiff again asserts that the ALJ rendered a lay medical opinion with regard to her mental RFC. However, determination of RFC is reserved to the ALJ, who considers the "applicable factors" in making his assessment. *Giles v. Astrue*, 433 Fed. Appx. 241, 247 (5th Cir.

2011) (per curiam). That is what the ALJ did in this case in determining that Plaintiff "is capable of performing detailed, non-complex tasks," *see* Tr. at 22, which is not a medical assessment or diagnosis but a determination of capability under the Administration's regulatory framework.

Plaintiff additionally asserts that the ALJ did not explicitly state the inconsistency between a form-based opinion by Dr. Ben Embry and the treatment records prepared by his nurse practitioner when he assigned "little weight" to the fill-in-the-blank opinion. However, as the Magistrate Judge observed, the ALJ's analysis was consistent with the requirements of *Newton v. Apfel*, 209 F.3d 448 (5th Cir. 2000), 20 C.F.R. §§ 404.1527(c) and 416.927(c). No further detail is required.

Having conducted a *de novo* review, this Court finds the Report and Recommendation to be correct. Therefore, Plaintiff's objections are without merit and will be overruled. The findings and conclusions of the Magistrate Judge are therefore adopted as those of the Court.

In light of the foregoing, it is

**ORDERED** that Plaintiff's objections are hereby **OVERRULED**. It is further

**ORDERED** that the decision of the Commissioner is **AFFIRMED** and the complaint is hereby **DISMISSED WITH PREJUDICE**. It is further

**ORDERED** that any motion not previously ruled on is **DENIED**.

**It is SO ORDERED.**

SIGNED this 13th day of July, 2012.

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE